CALDWELL, APPELLEE, *v.*
MULLINS, APPELLANT.

(No. CA 10734 — Decided
May 13, 1988.)

*Richard H. Gaudet,* for appellee.
*Ronald E. Reichard,* for appellant.

*Per Curiam.* Defendant-appellant David Mullins, Jr. appeals from an order requiring him to post a peace bond for one year in the amount òf $200.

Plaintiff-appellee John Caldwell brought this action for a peace bond, alleging that he had just cause to fear, and did fear, that Mullins would injure or do physical violence to himself, his wife, Joe Caldwell or Amy Caldwell, and that Mullins had threatened physical violence to plaintiff-appellee previously.

Caldwell's complaint came on for hearing before the trial court, at which Caldwell, his wife, and five other neighbors of Mullins testified. Mullins testified in his own defense.

Caldwell testified that on an occasion approximately a year to a year and one-half before the hearing, while Caldwell was driving his car, Mullins chased him with a shovel down the street. Caldwell's wife testified that at a time about two years previously, while she was eight months pregnant, she and her "little boy" were present in their home when their front window was broken by a thrown beer bottle. Although she did not see Mullins throw the bottle, she testified that he admitted to her that he had thrown it. She also testified concerning numerous instances in which Mullins threatened her. Caldwell also testified to instances in which Mullins had threatened him.

The other witnesses, Mullins' fellow neighbors, testified concerning instances in which they had been threatened or menaced by Mullins.

The trial court found from the evidence that Mullins had breached the peace and should be required to post a bond as security that he would not breach the peace in the future. Accordingly, the trial court ordered a peace bond in the amount of $200, to be maintained for one year until November 18, 1988. From that order, Mullins appeals.

I

Mullins' sole assignment of error is as follows:

"The trial court erred as a matter of law in imposing the sanctions set forth in the court's order of November 19, 1987, as against the defendant without proper evidence of a threatened injury or violence."

Mullins contends that R.C. 2933.03, which prescribes the form of the warrant to issue in connection with a complaint for a peace bond, requires that a particular threatened injury or violence be alleged. In the complaint in this case, Caldwell alleged, generally, that he had just cause to fear, and did fear, that Mullins would "injure or do

physical violence to this Complainant, or to his wife, Linda Caldwell, or to Joe Caldwell or to Amy Caldwell, and that said defendant, DAVID MULLEN [*sic*], has threatened physical violence to this Complainant."

The form of the warrant prescribed in R.C. 2933.03 includes the following paragraph:

"Whereas, a complaint has been filed by one C.D., in writing and upon oath, stating that he has just cause to fear and does fear that one E.F. will (here state the threatened injury or violence according to the fact as sworn to)."

Mullins argues that the material in the parentheses above implies that a complaint for a peace bond must specify the particular threatened injury or violence feared. We do not agree.

R.C. 2933.02 sets forth the requirements for a complaint, as follows:

"When a complaint is made in writing and upon oath, filed with a municipal or county court or a mayor sitting as the judge of a mayor's court, and states that the complainant has just cause to fear and fears that another individual will commit an offense against the person or property of the complainant or his ward or child, a municipal or county court judge or mayor shall issue other [*sic*] appropriate peace officer, as defined in section 2935.01 of the Revised Code, within the territorial jurisdiction of the court, a warrant in the name of the state that commands him forthwith to arrest and take the individual complained of before the court to answer the complaint."

We do not understand the protection afforded by the provisions for peace warrants and peace bonds to be limited in its scope to those circumstances wherein the complainant has been threatened with a specific type of bodily violence. As long as circumstances are proven that the complainant has just cause to fear and does fear that the defendant will commit an offense against his person or property, or against his ward or child, a warrant may issue. There would not seem to be any reason to afford legitimate fears of general, unspecified violence any less protection than is afforded in the case of genuine fears of specific bodily violence.

Alternatively, Mullins may be claiming that there was insufficient evidence to establish that Caldwell had just cause to fear Mullins. Our review of the record discloses that there was testimony that on occasion Mullins chased Caldwell with a shovel, and that on another occasion Mullins threw a beer bottle through the Caldwells' front window, at a time when Mrs. Caldwell was pregnant and her minor son was in the home. This testimony together with the testimony of both Mr. and Mrs. Caldwell concerning several threats made against them by Mullins and corroborated with neighbors' testimony concerning threats of violence and eggs thrown at them by Mullins, was sufficient to support the trial court's finding that Caldwell had just cause to fear, and did fear, that Mullins would commit an offense against his person or property, or against his ward or child.

Mullins' sole assignment of error is overruled.

## II

Mullins' sole assignment of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, WILSON and FAIN, JJ., concur.